IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

XIANG FU YUAN,

    Petitioner,

v.                                                                    No. 1:26-cv-00588-KG-JMR

MARY DE ANDA-YBARRA, et al.,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Xiang Fu Yuan's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 5.  Petitioner alleges his detention is beyond the 90-day removal period authorized by 8 U.S.C. § 1231(a).  Doc. 1 at 4.  For the reasons below, Petitioner's habeas petition is granted.

**I.      Background**

Petitioner, a native and citizen of China, entered the United States on July 8, 1999.  Doc. 1 at 2.  On August 25, 2004, an immigration judge ("IJ") ordered Petitioner removed to China.  Doc. 5-1 at 2.  The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the removal order on November 8, 2005, rendering his order of removal final.  Doc. 1 at 2.

Immigration and Customs Enforcement ("ICE") detained Petitioner in New York, New York on August 21, 2025.  Doc. 1 at 3.  Petitioner filed a motion to reopen and a motion to stay removal with the BIA.  *Id*.  The BIA denied both motions on January 21, 2026.  *Id*.

On February 20, 2026, the Department of Homeland Security ("DHS") submitted a travel document request to headquarters for Removal and International Operations Asia (China) ("HQ RIO").  Docs. 5 at 2, 5-1 at 3. HQ RIO verified that they received the hard copy of the travel

1

documents request packet on March 9, 2026.  Doc. 5-1 at 3.  As of March 13, 2026, the case is pending nationality verification.  Doc. 5 at 2.

## II.    Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    Analysis

Under the Immigration and Nationality Act ("INA"), when a noncitizen is ordered removed, the Government must execute the removal within a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2).  As relevant here, the "removal period begins" when the removal order "becomes administratively final."  § 1231(a)(1)(B).

Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely."  *Zadvydas*, 533 U.S. at 699.  A six-month detention is presumptively reasonable.  *Id.* at 701.  This presumptively reasonable period does not begin until the noncitizen is detained.  *See Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017) (stating that the presumptively reasonable period under *Zadvydas* :could not have begun until [the petitioner] was detained by ICE"); *see also Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011) ("*Zadvydas* time" cannot run "while a petitioner is not in custody").  After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 US. at 701.

Under these principles, Petitioner has met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. *See id*. Petitioner's removal became final on November 8, 2005,[1] but there is no evidence the Government attempted to remove him until March 2026. Docs. 1 at 2, 5-1 at 3. Petitioner has been detained for a period of seven months, well beyond the six-month period deemed presumptively reasonable by the Supreme Court. Doc 1 at 3. While the Government asserts it is taking steps to obtain travel documents, it has not submitted "proof of a travel document, not proof of acceptance by China, not proof of a scheduled removal" or any evidence that Petitioner's removal is reasonably foreseeable. Doc 7 at 2.

The Government has produced little evidence to rebut Petitioner's showing. The assistant field office director for DHS outlines few steps taken towards removal since August 2025. *See* Doc. 5-1. Although DHS submitted a hard copy of the travel document request to HQ RIO, Doc. 5-1 at 3, there is no indication that China is cooperating and coordinating with DHS to facilitate Petitioner's departure. *See Lush Ndou v. Noem*, 2026 WL 686564, at * 2 (D.N.M.) (concluding that "the completion of a pre-removal check" and assurance that arrangements are being made "do not amount to a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Good faith efforts are not enough"). The Government does not state whether HQ RIO has transmitted the travel document request to China or if China received

---

[1]Petitioner filed a motion to reopen and a motion to stay removal with the BIA which were denied on January 21, 2026. Doc. 1 at 3. The Court notes that "the denial of a motion to reopen does not impact the removal period under § 1231(a)(1)(B)(i)." *Lush Ndou v. Noem*, 2026 WL 686564, at * 3 (D.N.M.).

the request.  Nor does it provide any information regarding the typical timeframe for such requests or whether Petitioner's case falls within that range.  *See e.g.*, *Ye v. Bondi*, 2025 WL 40334264, at * 5 (W.D. Okla.) (noting that "ICE's internal process lacks sufficient specificity with regard to Petitioner's likelihood of removal"); *Yan-Ling X. v. Lyons*, 2025 WL 3123793, at * 4 (E.D. Cal.) ("The phrase 'significant likelihood' requires something more than a mere possibility that removal will occur.").  In sum, the Government has not demonstrated that Petitioner will be removed in the reasonably foreseeable future.  For these reasons, the Court concludes that Petitioner is entitled to release from custody subject to reasonable conditions of supervision.

*IV.*     *Conclusion*

The Court grants the Petition for Writ of Habeas Corpus, Doc. 1.  Because the Court grants relief under the INA, it declines to address Petitioner's other claims.  The Government is enjoined from redetaining Petitioner unless it provides an individualized bond hearing before an Immigration Judge under § 1226(a).

The Government shall file a status report within ten business days of this Order confirming that Petitioner has been released.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

4